UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOLFO VALDEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>RALPH T. WARNER, et al.,<br><br>  Defendants. | Case No. 5:22-cv-01021-FWS-JC<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

I.  **BACKGROUND AND SUMMARY**

On June 16, 2022, Plaintiff Adolfo Valdez, who is in custody, is proceeding *pro se* and has been granted leave to proceed without prepayment of the filing fee ("IFP"), filed a Civil Rights Complaint ("Complaint"). (Docket Nos. 1, 2, 4).

As Plaintiff is in custody and is proceeding IFP, the Magistrate Judge screened the Complaint to determine if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

On July 7, 2022, the Magistrate Judge dismissed the Complaint with leave to amend ("July Order") because the Complaint was deficient in multiple respects.[1] (Docket No. 6).

On August 22, 2022, Plaintiff filed a First Amended Civil Rights Complaint ("First Amended Complaint"). (Docket No. 9). On February 27, 2023, the Magistrate Judge screened the First Amended Complaint and issued an Order Dismissing the First Amended Complaint with Leave to Amend and Directing Plaintiff to Respond to Order ("February Order").[2] (Docket No. 13). The February Order advised Plaintiff that the First Amended Complaint was deficient for reasons described in the February

---

[1] Absent consent by all parties, including unserved defendants, a magistrate judge cannot issue dispositive orders, including an order dismissing a claim. Branch v. Umphenour, 936 F.3d 994, 1004 (9th Cir. 2019); see also Williams v. King, 875 F.3d 500, 504 (9th Cir. 2017) ("[C]onsent of all parties (including unserved defendants) is a prerequisite to a magistrate judge's jurisdiction to enter dispositive decisions under § 636(c)(1)."); 28 U.S.C. § 636(b)(1)(A)-(B). However, "the dismissal of a complaint with leave to amend is a non-dispositive matter." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Accordingly, a magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See id. at 797. Additionally, a plaintiff who disagrees with a magistrate judge's order, including a nondispositive order dismissing a pleading with leave to amend, may file an objection with the district judge. See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015); see also Hunt v. Pliler, 384 F.3d 1118, 1124 (9th Cir. 2004) ("District court review of even these nondispositive matters . . . can be compelled upon objection of the party against whom the magistrate has ruled.") (quoting McKeever, 932 F.2d at 798). The July Order expressly notified Plaintiff that (1) the July Order constituted non-dispositive rulings on pretrial matters; (2) to the extent a party disagreed with such non-dispositive rulings, such party may seek review from the District Judge within fourteen (14) days; (3) to the extent a party believed that the rulings were dispositive, rather than non-dispositive, such party had the right to object to the determination that the rulings were non-dispositive within fourteen (14) days; and (4) a party would be foreclosed from challenging the rulings in the July Order if such party did not seek review thereof or object thereto. (July Order at 11 n.3).

[2] The February Order expressly notified Plaintiff that (1) the February Order constituted non-dispositive rulings on pretrial matters; (2) to the extent a party disagreed with such non-dispositive rulings, such party may seek review from the District Judge within fourteen (14) days; (3) to the extent a party believed that the rulings were dispositive, rather than non-dispositive, such party had the right to object to the determination that the rulings were non-dispositive within fourteen (14) days; and (4) a party would be foreclosed from challenging the rulings in the February Order if such party did not seek review thereof or object thereto. (February Order at 11 n.3).

Order, dismissed the First Amended Complaint with leave to amend, and directed Plaintiff, within twenty days (*i.e.*, by March 20, 2023), to file one of the following: (1) a Second Amended Complaint which cures the pleading defects described in the February Order; (1) a Notice of Dismissal; or (3) a Notice of Intent to Stand on the First Amended Complaint.  The February Order expressly cautioned Plaintiff that the failure timely to file a Second Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on the First Amended Complaint may be deemed Plaintiff's admission that amendment is futile and may result in the dismissal of this action on the grounds set forth in the February Order, on the ground that amendment is futile, for failure diligently to prosecute, and/or for failure to comply with the February Order.

On March 27, 2023, Plaintiff filed a Request for an Extension of Time, and on April 5, 2023, the Magistrate Judge granted such request and extended Plaintiff's deadline to comply with the February Order to May 1, 2023.  (Docket Nos. 15, 16). On April 27, 2023, Plaintiff filed a request which the Magistrate Judge liberally construed to seek copies of the Complaint, the First Amended Complaint, the July Order and the February Order.  (Docket Nos. 17, 18).  On May 30, 2023, the Magistrate Judge granted such request, directed the Clerk to provide Plaintiff with copies of the referenced documents and *sua sponte* extended Plaintiff's deadline to comply with the February Order to **June 20, 2023**.  (Docket No. 18).  In granting both of the foregoing extensions, the Magistrate Judge expressly cautioned Plaintiff that his

failure timely to comply with the February Order and to file a Second Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on First Amended Complaint by the extended deadline may be deemed Plaintiff's admission that amendment is futile, and may result in the dismissal of this action with or without prejudice on the grounds set forth in the February Order, on the ground that amendment is futile, for failure diligently to prosecute and/or for failure to comply with the February Order by the extended deadline.

The June 20, 2023, extended deadline to comply with the February Order expired without any action by Plaintiff. Plaintiff has not sought a further extension of time to comply with the February Order, has not sought review of, or filed any objection to the February Order, and has not communicated with the Court in this case since April 2023.

As discussed below, this action is dismissed due to Plaintiff's unreasonable failure to prosecute and his failure to comply with the February Order by the twice extended deadline to do so.

## II. PERTINENT LAW

It is well-established that a district court may *sua sponte* dismiss an action where the plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court

may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

Where a plaintiff is proceeding *pro se*, however, the court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted). In addition, where a Magistrate Judge originally dismissed the complaint with leave to amend, the District Judge must review that decision before dismissing the entire action. See McKeever,

5.

932 F.2d at 797 ("While the magistrate can dismiss complaints with leave to amend, the district court necessarily must review that decision before dismissing the entire action."). A District Judge may not dismiss an action for failure to comply with a court order (*e.g.*, the Magistrate Judge's order to file an amended complaint) or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous. Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).

### III. DISCUSSION AND ORDER

First, the Court has reviewed the July and February Orders and finds that they adequately and properly notified Plaintiff of the deficiencies in the Complaint and the First Amended Complaint and afforded Plaintiff an opportunity to amend effectively. This Court agrees with and adopts the July and February Orders and finds that the Magistrate Judge properly dismissed the Complaint and the First Amended Complaint with leave to amend for the reasons discussed in the July and February Orders.

Second, dismissal is appropriate based upon Plaintiff's failure to comply with the February Order and the failure to prosecute. The Court has considered the five factors discussed above – the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to Defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives. The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket – strongly weigh in

favor of dismissal. As noted above, Plaintiff has been notified of the deficiencies in the First Amended Complaint and has been given the opportunity to amend it, to dismiss it, or to notify the Court that he wishes to stand thereon. Aside from seeking a single and long since expired extension of the deadline to do so, he has done nothing. See Edwards, 356 F.3d at 1065. The third factor, risk of prejudice to Defendants, also weighs strongly in favor of dismissal. See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to defendants presumed from unreasonable delay) (citation omitted). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. As for the fifth factor, since Plaintiff has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the February Order, and has been afforded the opportunity to avoid such consequences but has not responded, no sanction lesser than dismissal is feasible. See, e.g., Yourish, 191 F.3d at 989 (dismissal of action *with prejudice* not excessive sanction for plaintiffs' failure timely to comply with court's order to submit an amended complaint).

///

///

///

IT IS THEREFORE ORDERED that this action is dismissed based upon Plaintiff's unreasonable failure to prosecute and his failure to comply with the February Order by the extended deadline to do so.

**IT IS SO ORDERED**.

Dated: September 11, 2023

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE